**UNITED STATES DISTRICT COURT**
District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

March 14, 2011

**NOT FOR PUBLICATION**                                         **CLOSED**

Ifeoma Ezekwo
3013 Grand Concourse
Bronx, NY 10468

Frank Covello, Esq.
Leanza & Agrapidis
777 Terrace Avenue, 5th Floor
Hasbrouck Heights, NJ 07604

Alfred Acquaviva, Esq.
542 Lafayette Avenue, Suite 1-A
Hawthorne, NJ 07506

Alfred Acquaviva, Esq.
542 Lafayette Avenue, Suite 1-A
Hawthorne, NJ 07506

A. Michael Rubin, Esq.
Rubin & Connelly
1330 Hamburg Turnpike
Wayne, NJ 07470

**LETTER OPINION**

    Re:    **Ezekwo v. City of Paterson Historic Preservation Commission, et al.**
              **Civil Action No. 08-1878 (JLL)**

Dear Parties:

      This matter comes before the Court by way of a motion for summary judgment filed by Defendants City of Paterson Historic Preservation Commission, City of Paterson City Council and Michael Lemme. Defendants' motion is brought pursuant to Federal Rule of Civil Procedure 56. The Court has considered the submissions made in support of the instant motion. No opposition was filed and no oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motion is granted.

**BACKGROUND**

The following relevant facts are undisputed.[1] Barbour Estates, LLC, a New Jersey Limited Liability Company, purchased the property located at 869 Broadway, Paterson, New Jersey from the Roman Catholic Diocese of Paterson on August 14, 2003. (Def. 56.1 Stmt., ¶ 1; Def. Ex. A). Plaintiff, Ifeoma Ezekwo, is the sole member of the Limited Liability Company that owns the property. (Def. 56.1 Stmt., ¶ 1; Docket Entry No. 48 at 2).

The subject property is comprised of 4.79 acres of land, as well as a residential structure containing approximately 42 rooms. (Def. 56.1 Stmt., ¶ 2; Pl. Compl., ¶ 8). In September 2006, Plaintiff submitted an application to the City of Paterson Planning Board to subdivide the 4.79 acres in order to build single family homes on the property while keeping the original residential structure. (Pl. Compl., ¶ 10). The City of Paterson Planning Board postponed any action on the application to subdivide the subject property so as to allow the City of Paterson Historic Commission to examine the property to determine if it should be designated as a historic site. (Pl. Compl., ¶ 11).

On December 18, 2006, the City of Paterson Historic Preservation Commission adopted a Resolution preliminarily designating the subject property as a municipal historic site. (Def. 56.1 Stmt., ¶ 6; Pl. Compl., ¶¶ 12-14). Plaintiff, who was represented by counsel, was present at the hearing conducted by the Historic Preservation Commission and opposed the designation. (Def. 56.1 Stmt., ¶ 7; Pl. Compl., ¶ 13). The designation process continued after this date and on May 2, 2007, the City of Paterson Planning Board adopted a Resolution recommending to the Paterson Municipal Council that the subject property be designated as a local historic site. (Def. 56.1 Stmt., ¶ 8; Pl. Compl., ¶ 23). On October 24, 2007, the Municipal Council adopted an Ordinance amending the City of Paterson's Land Use Ordinance to add the subject property as a historic site. (Def. 56.1 Stmt., ¶ 9; Def. Ex. C).

In February 2008, Plaintiff initiated a state court action against the City of Paterson Planning Board, the City of Paterson Historic Preservation Commission and the City of Paterson Municipal Council seeking to reverse the various determinations leading up to the designation of her property as a historic site. (Def. 56.1 Stmt., ¶ 11, Def. Ex. D). This action was dismissed without prejudice by the Honorable Anthony J. Graziano, J.S.C. of the Superior Court of New Jersey, Passaic County on May 23, 2008. (Def. 56.1 Stmt., ¶ 11; Def. Ex. F). The action was later dismissed with prejudice by Judge Graziano on May 20, 2009.

On April 16, 2008, Plaintiff filed the Complaint in this matter, seeking damages as well as the reversal of the various determinations made by Defendants during the designation process.

---

[1] Plaintiff has chosen not to oppose the instant motion. Local Civil Rule 56.1(a) makes clear that "any material facts not disputed shall be deemed undisputed for purposes of the summary judgment motion." L. Civ. R. 56.1.

2

Defendants now seek dismissal of Plaintiff's claims. Defendants' motion was filed on January 14, 2011. The original return date was set for February 7, 2011. The Clerk's office extended this date to February 22, 2011, thereby rendering Plaintiff's opposition brief due by February 7, 2011. On February 18, 2011, on the eve of this Court's ruling on the instant motion, Plaintiff requested an extension of time in which to oppose the motion. Plaintiff's request was granted in part by the Court on the same day. See Docket Entry No. 59. This Court's February 18, 2011 Order stated, unequivocally, that:

> Plaintiff may file a brief in opposition to Defendants' motion for summary judgment which complies with all applicable Local and Federal Rules on or before March 3, 2011. **Such brief must be filed with the Court no later than March 3, 2011. Plaintiff's failure to file an opposition brief with the Court on or before March 3, 2011 will result in Defendants' motion being deemed unopposed. Absolutely no further extensions of time will be granted.**

As of today's date, March 14, 2011, no opposition has been filed. Accordingly, Defendants' motion is hereby deemed unopposed.

## LEGAL STANDARD

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. See Celotex, 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See, e.g., Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

## DISCUSSION

Defendant moves for summary judgment on various grounds including but not limited to the argument that Plaintiff's prior state court action precludes her from bringing this action in federal court.

### 1. Rule 8

Before turning to Defendants' arguments, the Court notes that Plaintiff's Complaint, as currently drafted, fails to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a) inasmuch as it fails to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Aside from the passing reference to the Fifth and Fourteenth Amendments, the Court cannot decipher the specific basis on which Plaintiff alleges that each of the Defendants violated her constitutional rights. In light of such uncertainty, and given the Court's own inability to determine the actual theory underlying Plaintiff's constitutional claims, the Court finds that Defendants have not been given proper notice of what the claim is and the specific grounds upon which it rests, in violation of Rule 8(a) of the Federal Rules of Civil Procedure. The Court could dismiss Plaintiff's constitutional claims on this basis alone, and therefore decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. However, because the Court finds, for the reasons discussed below, that Plaintiff's complaint is, in any event, barred under New Jersey's preclusion principles, specifically res judicata and the entire controversy doctrine, the Court will dismiss Plaintiff's claims on this basis instead.

### 2. Res Judicata and Entire Controversy Doctrine

As a preliminary matter, the Court notes that a comparison of Plaintiff's state court complaint and the complaint filed in the matter reveals that both complaints are nearly identical, with the exception of: (a) a passing reference to the Fifth and Fourteenth Amendments in Plaintiff's federal court complaint, and (b) the addition of two new defendants in Plaintiff's federal court complaint.

Pursuant to the doctrine of res judicata, "a cause of action between parties that has been finally determined on the merits by a tribunal having jurisdiction cannot be relitigated by those parties or their privies in a new proceeding." Velasquez v. Franz, 123 N.J. 498 (1991). Accordingly, to the extent Plaintiff's complaint in this matter sought to reassert any of the claims from her state court proceeding – claims which have now been adjudicated on the merits[2] and dismissed with prejudice – such claims are barred under the doctrine of res judicata and may not be asserted in this matter. See, e.g., Dukes v. Lancer Ins. Co., 390 Fed. Appx. 159, 162 (3d Cir. 2010) ("[T]o the extent Dukes's complaint in the instant case sought to reassert any of the claims from his state court proceeding – claims that were adjudicated on the merits – those claims are barred here.").

As for those claims which were not raised in the state court proceeding – namely, claims that

---

[2] Plaintiff does not dispute this.

Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights – the issue is whether those claims are barred by New Jersey's entire controversy doctrine. The entire controversy doctrine "embodies the notion that the adjudication of a legal controversy should occur in one litigation in only one court." Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 885 (3d Cir. 1997) (internal quotation marks and citation omitted). Thus, the entire controversy doctrine "requires that a person assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party." In re Mullarkey, 536 F.3d 215, 229 (3d Cir. 2008) (internal quotation marks and citation omitted).

As a preliminary matter, the Third Circuit has held that New Jersey's Entire Controversy Doctrine does not "preclude the initiation of a second litigation before the first action has been concluded." Rycoline Prods., 109 F.3d at 889. Because Plaintiff's state court action was not concluded until after Plaintiff filed her complaint in this matter, the Court must first consider whether the doctrine is even applicable. In Rycoline Products, the court held that the Entire Controversy Doctrine did not bar a second action which was filed while a previously-filed related action was still pending. However, the Third Circuit did not reach the issue presented in this case, namely, whether the Entire Controversy Doctrine may bar such a second action once the previously-filed related action has concluded. See id. at 889 n. 2.; Total Packaging Corp. v. Tenneco Packaging Corp., No. 01-4286, 2004 WL 758240, at *4 (D.N.J. Apr. 2, 2004). Plaintiff does not advance this argument and thus, provides no reason for the Court to conclude that the Entire Controversy Doctrine would not apply in this case. Further, at least one court in the District of New Jersey has held that the Entire Controversy Doctrine is applicable "[w]hen the first of two concurrent actions is reduced to judgment by a New Jersey Court." See Total Packaging Corp., 2004 WL 758240, at *4. Accordingly, absent a directive from the Court of Appeals, and given that Plaintiff's state court action was reduced to a judgment in 2009, the Court finds that the Entire Controversy Doctrine is applicable to the instant case.

Turning now to the doctrine itself, Plaintiff does not dispute that her constitutional claims are based on the same legal controversy as her state law claims – namely, the process by which Defendants designated her property as a historic site between December 2006 and October 2007. The addition of two new defendants in Plaintiff's federal case does not change her cause of action. See, e.g., Gregory v. Chehi, 843 F.2d 111, 119 (3d Cir. 1988) ("Nor does the presence of additional defendants in the federal case change the cause of action. The essence of the cause of action asserted against the defendants in the state proceeding is not altered by the addition of more parties. At bottom rests a single incident-the discharge of the patrolman from the police force."). Moreover, Plaintiff does not dispute that the state court began adjudicating her claims as early as February 2008 – prior to the commencement of the instant cause of action. As the Third Circuit explained in Bernardsville Quarry, Plaintiff had "but one choice" when the claims asserted in her state court action were being adjudicated – namely, to litigate every claim she had, based upon this designation process, to the best of her ability. Plaintiff apparently attempted to do so, but did not prevail. Plaintiff "cannot avoid the consequences of its failure to prevail in state court by taking a second bite of the apple now." Id. at 930. Thus, the Court finds that Plaintiff's constitutional claims are now barred under New Jersey's entire controversy doctrine. Plaintiff has provided the Court with no

5

basis on which to find otherwise.  See, e.g., Bernardsville Quarry v. Borough of Bernardsville, 929 F.2d 927, 929 (3d Cir. 1991) ("To the extent then that BQI did not adjudicate every aspect of its federal claims, it is now barred from raising them again.").  Defendant's motion for summary judgment is therefore granted.

## CONCLUSION

Based on the reasons set forth above, Defendants' motion for summary judgment is granted.

An appropriate Order accompanies this Letter Opinion.

 /s/ Jose L. Linares
Jose L. Linares
United States District Judge